GILLIS *v.* McNAIR, administrator, *et al.*

No. 6661. FEBRUARY 28, 1929.

*Dallam R. Jackson* and *A. C. Saffold,* for plaintiff.
*W. S. Mann* and *Will Stallings,* for defendants.

ATKINSON, J. A man died in 1927, leaving a widow and an estate. A suit was instituted against the widow and the administrator of the estate. The petition alleged that the petitioner was the illegitimate child of the deceased, and was always recognized by him as his natural child; that in 1913, when she was about eleven years old and when statutory proceedings were pending against him, the mother of petitioner and her said putative father entered into a parol agreement "that if her said mother would surrender, relinquish, and turn over the sole custody, service, control, and company of petitioner to the said" putative father "during petitioner's minority, and not further prosecute said bastardy warrant, that he . ." would take petitioner into his home and keep her as his child, adopt her as such, with all the rights of a child related to him as such by blood," it being understood that he "was then and there adopting petitioner as his child and heir; that in pursuance of such agreement petitioner was turned over by her said

mother to her said putative father, who took her into his home as a member of his family; that he bestowed upon her all parental affection and consideration, and she performed all her duties as a child; that after she had been there about eleven months his wife (now widow) caused her to return to her mother, and through fear she did not return to the home of her putative father; that, in virtue of the contract and in the circumstances stated, petitioner is entitled to participate in the distribution of the estate as an heir at law." The prayers included one that petitioner be decreed to be "an adopted child . . and entitled to inherit an interest" in the estate.

This case is controlled by the principles applied in *Bell* v. *Elrod*, 150 *Ga.* 709 (105 S. E. 241); and the judge did not err in dismissing the action on general demurrer to the petition as amended.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., dissenting. Considering that the contract by which the mother of the plaintiff "surrendered, relinquished, and turned over the sole service, control, and company of petitioner" to her putative father "during petitioner's minority," with a further agreement not to prosecute a bastardy warrant against him, I can not agree that the plaintiff had no other remedy than a suit for the recovery of damages for breach of the contract. There is nothing in the record to indicate that the mother of petitioner did not fulfill her obligation under the contract alleged. The petitioner, being a minor, was incompetent to make a contract, and it is alleged that she left the home of her foster father under compulsion. In these circumstances, and in view of the further fact, as alleged in the petition, that the contract between the mother of the child and her putative father, conveying to him the custody, service, and control of the minor, properly extended no further than during the minority of this child, the judgment sustaining the general demurrer was error and should be reversed.